PER CURIAM.
The Criminal Procedure Rules Committee (Committee) has filed an out-of-cycle report proposing an amendment to Florida Rule of Criminal Procedure 3.220(b) (Prosecutor’s Discovery Obligation) in response to 2011 legislation.[1] We have jurisdiction. See art. V, § 2(a), Fla. Const.
The Committee proposes an amendment to rule 3.220(b) in order to conform the rule to section 92.561, Florida Statutes (2012), which prohibits the reproduction of child pornography in a criminal case. Section 92.561 was created by chapter 2011-220, section 4, Laws of Florida, which became effective July 1, 2011. See ch.2011-220, § 17, Laws of Fla.
Subdivision (b)(1) of rule 3.220 currently provides, in pertinent part, that “[wjithin 15 days after service of the Notice of Discovery, the prosecutor shall ... permit the defendant to inspect, copy, test, and photograph” specified information and material in the state’s possession or control, which could include property or material that cannot be reproduced under section 92.561. Therefore, the Committee proposes that subdivision (b)(1) of the rule be amended to further provide that “any property or material that portrays sexual performance by a child or constitutes child pornography may not be copied, photographed, duplicated, or otherwise reproduced[.]”
Accordingly, after considering the proposed amendment and the relevant legislation, we amend Florida Rule of Criminal Procedure 3.220(b) as reflected in the appendix to this opinion. New language is underscored. The amendment shall become effective immediately upon the release of this opinion. Because the amendment was not published for comment prior to its adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 3.220. DISCOVERY
(a) [No Change]
(b)Prosecutors Discovery Obligation.
(1) Within 15 days after service of the Notice of Discovery, the prosecutor shall serve a written Discovery Exhibit which shall disclose to the defendant and permit the defendant to inspect, copy, test, *1277 and photograph the following information and material within the state’s possession or control, except that any property or material that portrays sexual performance by a child or constitutes child pornography may not be copied, photographed, duplicated, or otherwise reproduced:
(A)a list of the names and addresses of all persons known to the prosecutor to have information that may be relevant to any offense charged or any defense thereto, or to any similar fact evidence to be presented at trial under section 90.404(2), Florida Statutes. The names and addresses of persons listed shall be clearly designated in the following categories:
(i) Category A. These witnesses shall include (1) eye witnesses, (2) alibi witnesses and rebuttal to alibi witnesses, (3) witnesses who were present when a recorded or unrecorded statement was taken from or made by a defendant or codefendant, which shall be separately identified within this category, (4) investigating officers, (5) witnesses known by the prosecutor to have any material information that tends to negate the guilt of the defendant as to any offense charged, (6) child hearsay witnesses, and (7) expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify.
(ii) Category B. All witnesses not listed in either Category A or Category C.
(iii) Category C. All witnesses who performed only ministerial functions or whom the prosecutor does not intend to call at trial and whose involvement with and knowledge of the case is fully set out in a police report or other statement furnished to the defense;
(B) the statement of any person whose name is furnished in compliance with the preceding subdivision. The term “statement” as used herein includes a written statement made by the person and signed or otherwise adopted or approved by the person and also includes any statement of any kind or manner made by the person and written or recorded or summarized in any writing or recording. The term “statement” is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the ease, but shall not include the notes from which those reports are compiled;
(C) any written or recorded statements and the substance of any oral statements made by the defendant, including a copy of any statements contained in police reports or report summaries, together with the name and address of each witness to the statements;
(D) any written or recorded statements and the substance of any oral statements made by a codefendant;
(E) those portions of recorded grand jury minutes that contain testimony of the defendant;
(F) any tangible papers or objects that were obtained from or belonged to the defendant;
(G) whether the state has any material or information that has been provided by a confidential informant;
(H) whether there has been any electronic surveillance, including wiretapping, of the premises of the defendant or of conversations to which the defendant was a party and any documents relating thereto;
*1278 (I) whether there has been any search or seizure and any documents relating thereto;
(J) reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons; and
(K) any tangible papers or objects that the prosecuting attorney intends to use in the hearing or trial and that were not obtained from or that did not belong to the defendant.
(L) any tangible paper, objects or substances in the possession of law enforcement that could be tested for DNA.
(2) — (4) [No Change]
(c)-(o) [No Change]
Committee Notes
[No Change]
Court Commentary
[No Change]

. See Fla. R. Jud. Admin. 2.140(e).

. An original and nine paper copies of all comments must be filed with the Court on or before January 28, 2013, with a certificate of service verifying that a copy has been served on the Committee Chair, Mark Caliel, 220 E. Bay Street, Jacksonville, Florida, 32202-3429, mcaliel@coj.net, and on the Bar Staff Liaison to the Committee, Heather Telfer, 651 E. Jefferson Street, Tallahassee, Florida, 32399-2300, htelfer@flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until February 18, 2013, to file a response to any comments filed with the Court. Electronic copies of all comments also must be filed in accordance with the Court’s administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).