PER CURIAM.
In the December 20, 2012, opinion in this case, the Court adopted an out-of-cyele amendment to Florida Rule of Criminal Procedure 3.220(b) (Prosecutor’s Discovery Obligation). The amendment was proposed by the Criminal Procedure Rules Committee (Committee) in order to conform the rule to section 92.561, Florida Statutes (2012),[1] which prohibits the reproduction of child pornography in a criminal case. See In re Amendments to Florida Rule of Criminal Procedure 3.220, 105 So.3d 1275 (Fla.2012). After considering the comment addressing the amendment recently filed by criminal defense attorney Michael A. Catalano, the Court further amends rule 3.220(b) to better conform to the statute.[2]
Before the Court amended rule 3.220 in December, subdivision (b)(1) of the rule provided, in pertinent part, that “[w]ithin 15 days after service of the Notice of Discovery, the prosecutor shall ... permit the defendant to inspect, copy, test, and photograph” specified information and material in the state’s possession or control, which could include property or material that cannot be reproduced under section 92.561. The Court amended subdivision (b)(1), as proposed, to further provide that “any property or material that portrays sexual performance by a child or constitutes child pornography may not be copied, photographed, duplicated, or otherwise reproduced[.]” M at 1276. The Court allowed interested persons sixty days from the date of the opinion to comment on the amendment. Id.
After considering the one comment filed, and reviewing the requirements of section 92.561, we further amend subdivision (b)(1) to add language providing “so long as the state attorney makes the property or material reasonably available to the defendant or the defendant’s attorney” after the previously added language prohibiting the reproduction of child pornography. With this addition, the rule more closely comports with the statute which requires property or material used in a criminal proceeding that portrays sexual performance by a child or constitutes child pornography to remain in the care, custody, and control of a law enforcement agency, the state attorney, or the court and requires the court to deny a request by the defendant to reproduce such property or material “so long as the state attorney makes the property or material reasonably available to the defendant.” See § 92.561(1), (2), Fla. Stat. (2012).
Accordingly, we amend Florida Rule of Criminal Procedure 3.220(b) as reflected in the appendix to this opinion. New language is underscored. The amendment *208 shall become effective immediately upon the release of this opinion.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, CANADY, LABARGA, and PERRY, JJ., concur.
QUINCE, J., concurs in result only.
APPENDIX
RULE 3.220. DISCOVERY
(a) [No Change]
(b) Prosecutors Discovery Obligation.
(1) Within 15 days after service of the Notice of Discovery, the prosecutor shall serve a written Discovery Exhibit which shall disclose to the defendant and permit the defendant to inspect, copy, test, and photograph the following information and material within the state’s possession or control, except that any property or material that portrays sexual performance by a child or constitutes child pornography may not be copied, photographed, duplicated, or otherwise reproduced so long as the state attorney makes the property or material reasonably available to the defendant or the defendant’s attorney:
(A)-(L) [No Change]
(2) — (4) [No Change]
(c)-(o)[No Change]
Committee Notes
[No Change]
Court Commentary
[No Change]

. See Ch.2011-220, § 4, Laws of Fla. (creating § 92.561, Fla. Stat.).

. We have jurisdiction. See art. V, § 2(a), Fla. Const.